Filed 3/28/14  P. v. Threlkeld CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSHUA DAVID THRELKELD,<br><br>    Defendant and Appellant. | G048937<br><br>(Super. Ct. No. RIF150044)<br><br>O P I N I O N |

Appeal from a judgment of the Riverside Superior Court, Edward Daniel Webster, Judge (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed as modified with directions.

Richard de la Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Theodore M. Cropley and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

* * *

A jury convicted Joshua David Threlkeld of 80 crimes, including kidnapping a child under the age of 14 (Pen. Code, § 207, subd. (b); all statutory citations are to the Penal Code unless noted), committing lewd acts on a child under age 14 (§ 288, subd. (a)), committing lewd acts on a child age 14 or 15 by a person 10 years older (§ 288, subd. (c)(1)), distributing lewd material material to a minor (§ 288.2, subd. (b)), contacting or communicating with a minor with the intent to commit a specified sex offense (§ 288.3, subd. (a)), arranging a meeting with a minor intending to engage in lewd behavior (§ 288.4, subds. (a), (b)), and employing a minor to pose for sexual photographs (§ 311.4). The jury also found various sentencing enhancement allegations to be true (§ 667.8 [kidnapping victim under the age of 14 to commit sexual offense]; § 667.61, subd. (a), (d)(2) [25 years to life term where movement of the kidnapped victim substantially increased the victim's risk of harm]; former § 667.61, subd. (b), (e)(5) [15 years to life term where defendant has been convicted of committing an offense specified in subdivision (c) against more than one victim]; § 675, subd. (a) [one-year enhancement where defendant committed specified sexual offense with a minor for money or other consideration].)

Threlkeld challenges the sufficiency of the evidence to establish one-year prison enhancements for committing several of the lewd act crimes (counts 9, 13, 20, 24, & 28) for "money or other consideration" (§ 675). He also claims the trial court violated section 654 by failing to stay punishment on multiple counts. We invited supplemental briefs addressing whether sufficient evidence supported Threlkeld's conviction for a violation of section 288.2 as charged in count 72 of the second amended information.

2

We agree in part with Threlkeld's argument concerning section 654. The Attorney General concedes there is no evidence to support count 72. We therefore modify the judgment accordingly.

I

FACTS AND PROCEDURAL BACKGROUND

In 2009, Matthew Weinstein, an investigator with the Riverside County District Attorney's office assigned to the Sexual Predator Internet Decoy Enforcement unit investigated a purported online modeling agency called Model 508 Studios. Weinstein ultimately discovered that Threlkeld, using female pseudonyms (e.g., Sara Miller), contacted numerous girls between the ages of 12 and 17 online and persuaded them to send him nude photographs of themselves. He advised the girls these were "art" photos, there was "no age limit," and they did not need to tell their parents. Sometimes he sent the girls nude images and suggested they submit photographs with similar poses. He arranged meetings for photo shoots with some of the girls, and committed lewd acts with them, including sexual intercourse with one of the 13-year-old girls. He led the girls to believe he would pay them for the photos and sexual activity. Threlkeld admitted to the police he was "addict[ed]" to underage girls.

In March 2012, a jury convicted Threlkeld of 80 violations involving 41 girls. In April 2012, the trial court sentenced Threlkeld to 41 consecutive terms, either determinate or indeterminate depending on the violation, and imposed concurrent terms for most of the other counts. The aggregate sentence was a determinate term of 29 years and 8 months in prison, and a consecutive indeterminate term of 70 years to life.

The parties' briefs relate the facts of each count in detail. We provide factual and procedural details as germane to Threlkeld's specific claims below.

3

II

DISCUSSION

A.  *Substantial Evidence Supports the Section 675, subdivision (a) Enhancements on Counts 9, 13, 20, 24, and 28*

Threlkeld contends there is insufficient evidence to support the findings he violated section 288, subdivisions (a) (counts 9 & 13), and (c)(1) (counts 20, 24, & 28) for "money or other consideration" within the meaning of section 675, subdivision (a), because the victims of these counts testified Threlkeld reneged on his promise to pay them for the lewd acts. We disagree.

We "review the whole record in the light most favorable to the judgment . . . to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 576; *Jackson v. Virginia* (1979) 443 U.S. 307, 317-320.)

Threlkeld concedes there was sufficient evidence he promised money to the victims of counts 9, 13, 20, 24, and 28. These girls testified they expected Threlkeld would pay them when they agreed to engage in the behavior (touching themselves in posing for photographs) that gave rise to the lewd acts. For example, Threlkeld told 13-year-old Desiree (count 9) she would receive $300 to $500 for each lewd photograph. Threlkeld reneged, however, when Desiree met with him for a photo shoot. Michelle (count 13) testified Threlkeld took her and her friend Laura, to a house in Hemet or San Jacinto and took provocative photographs of them partially dressed in various outfits. He offered to pay Laura and Michelle approximately $200 if they agreed to pose for nude photographs, but promised to pay more if they had sex with him. At the end of the photograph session, Threlkeld did not pay Michelle, and paid Laura only $50 for the prior test photographs, explaining he ran out of money. In November 2007, Threlkeld contacted 13-year-old Shayla (count 20) through MySpace and promised to pay her if she

4

sent him nude photographs of herself. Shayla complied and e-mailed the photos to Threlkeld, but he never paid her. Threlkeld contacted 12-year-old Jamie (count 24) in June 2008 through MySpace and promised to pay her if she sent him nude photographs of herself, but she never received any money after complying with his request. In May 2008, Threlkeld contacted 13-year-old Maria (count 28) through MySpace and asked her if she wanted to make $100 a month modeling. She sent him several sets of lewd photos, but never received payment.

Section 675 provides "(a) Any person suffering a felony conviction for a violation of . . . subdivision (a) or paragraph (1) of subdivision (c) of Section 288, . . . where the offense was committed with a minor for money or other consideration, is punishable by an additional term of imprisonment in the state prison of one year." Threlkeld interprets the phrase "where the offense was committed with a minor for money or other consideration" to mean the victim actually must receive something of value and a mere "expectation" of receiving "money or other consideration" does not satisfy section 675, subdivision (a). The Attorney General responds "each of these young girls committed the acts with expectation of future payment from appellant, which meets the definition of 'consideration.'" We agree with the Attorney General.

The parties cite no case law defining the phrase "money or other consideration" as contained in section 675, subdivision (a). Civil Code section 1605 defines consideration as, "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." In other words, consideration is the result of a bargain. (*Passante v. McWilliam* (1997) 53 Cal.App.4th 1240, 1247.) Although a promise offered without expectation of payment is an unenforceable promise to make a gift, an act

5

performed in exchange for a promise of future payment constitutes the legal consideration necessary to create a contract.  (*Ibid.*)

We must construe section 675 to effectuate the intent of the Legislature, "with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." (*People v. Jenkins* (1995) 10 Cal.4th 234, 246.)  The Legislature intended to punish defendants who commit lewd or lascivious acts with minors for "money or other consideration" with an additional year in state prison.  As interpreted by Threlkeld, section 675, subdivision (a), would allow defendants who induced minors to commit lewd acts with the promise of payment to escape an enhanced penalty by reneging on that promise.  We doubt the Legislature intended the enhancement should apply only to those defendants who kept their end of an illicit bargain, and allow defendants like Threlkeld to avoid the enhancement.  In any event, the plain words of the statute do not require the defendant to fulfill his promise.  Rather, the enhancement applies when a defendant induces a victim to commit a lewd act "for money or other consideration."  That is precisely what happened here.  Substantial evidence therefore supports the section 675 findings on counts 9, 13, 20, 24, and 28.[1]

B.    *Section 654 Required the Court to Stay Punishment on Certain Counts*

Threlkeld also argues the trial court violated section 654 by imposing concurrent terms for the crimes charged in counts 6-8, 9-10, 12, 13-14, 16, 17, 19, 21-23, 25-27, 29-31, 55, 57, 59, 64-65, 67, 69-70, 72-73, 75-76, and 78-79.  For the reasons expressed below, we agree in part.

---

[1]    Threlkeld cites the appearance of the phrase "money or other consideration" in section 647, which prohibits solicitation or agreement to engage in prostitution.  He states "the act of prostitution itself requires the performance of a sexual act for money or some other form of compensation.  (Citation.)"  He does not adequately explain how this supports his argument section 675, subdivision (a), requires the actual receipt of money as opposed to a promise of payment.

6

Section 654 provides: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 654 applies where a single act violates more than one statute. (*Neal v. State of California* (1960) 55 Cal.2d 11, 20 (*Neal*).) Section 654 also bars multiple punishments where a course of conduct violating more than one statute constitutes an indivisible transaction. (*People v. Saffle* (1992) 4 Cal.App.4th 434, 438.) Whether a course of conduct is a divisible transaction depends on the intent and objective of the actor. (See *People v. McFarland* (1962) 58 Cal.2d 748, 762 [defendant who enters a building with the intent to commit theft and thereafter steals property can be punished only for the greater of the two offenses committed because defendant's single objective was to steal property]; *People v. Latimer* (1993) 5 Cal.4th 1203, 1215 (*Latimer*) [judicially created "'indivisible course of conduct'" rule allows separate punishment only if the defendant acted with a separate criminal objective or intent with respect to each "act or omission"].) Where all the acts and offenses are "merely incidental to, or were the means of accomplishing or facilitating one objective, [the] defendant may be found to have harbored a single intent and therefore may be punished only once." (*People v. Harrison* (1989) 48 Cal.3d 321, 335; *Neal, supra,* 55 Cal.2d at p. 19.) The purpose of section 654 is to ensure that a defendant's punishment is commensurate with culpability and that punishment is not imposed more than once for what is essentially one criminal act. (See *Latimer, supra,* 5 Cal.4th at p. 1211.) We uphold the trial court's express or implied findings under section 654 if supported by substantial evidence. (*People v. Osband* (1996) 13 Cal.4th 622, 730.)

As noted above, the jury convicted Threlkeld of 80 statutory violations arising out of his conduct with 41 girls. Threlkeld contacted the girls online (§ 288.3), and persuaded them take nude pictures of themselves and send them to him (§ 288,

subds. (a), (c); § 311.4). He sent some of them harmful pornographic material (§ 288.2), arranged and attempted to arrange meetings with these girls (§ 288.4), took pornographic photos of some of the girls, and committed other lewd acts with them. The prosecutor argued to the jury Threlkeld's main goal was to get together with one of these little girls and perform sexual acts on her or have sex with her." He was also "trying to get naked pictures to fulfill his own lusts and passions." The court remarked at sentencing: "[T]here was a pattern and . . . common goal here, which is the initial contact and more substantial contact along the way, in order to get the victim more comfortable with . . . more revealing acts – sexual acts to finally culmination and actual sexual contact. I think that behavior is called grooming behavior."

Where the jury convicted Threlkeld of committing more than one crime per victim, the trial court sentenced him for the crime carrying the most severe punishment. The court sentenced him to 41 consecutive terms, either determinate or indeterminate depending on the charge, one term per victim. The court imposed concurrent terms for the other offenses, except kidnapping as charged in count 1 (V.), which the court stayed under section 654.

Threlkeld contends the court erred when it imposed multiple separate terms for each victim. He contends the acts constituting violations of sections 288, 288.2, 288.3, 288.4, and 311.4, as specified below, were incidental to or were the means of accomplishing or facilitating other offenses.[2] We agree in part.

*Counts 6-8 (Vennessa) and 9-10, 12 (Desiree)*

V. (born June 1995) and Desiree (born May 1994) attended middle school together in Riverside County. In 2007, when she was 13 years old, Desiree set up a

---

[2] Threlkeld acknowledges the imposition of concurrent sentences makes no practical difference to his sentence. Nevertheless, trial courts must stay concurrent sentences if section 654 prohibits multiple punishment. (*People v. Jones* (2012) 54 Cal.4th 350, 353.)

MySpace account listing her age as 16. In 2008, Threlkeld, under the pseudonym "Sara," contacted Desiree through MySpace and asked if she would be interested in modeling for nude photos that would pay from $300 to $500 a photo. When Desiree responded positively, Threlkeld directed Desiree to take photos of herself and send them electronically, but Desiree declined because her mother might find out. Threlkeld told her to add "Josh" (Threlkeld) to her MySpace account. She and Threlkeld communicated about modeling through MySpace and on the telephone. She informed him she was 14 and expressed concern she was too young to model, but he assured her age was not an issue.

Sometime around Thanksgiving 2008, Desiree and Threlkeld arranged to meet after school. Desiree asked V. to accompany her, explaining to V. the kind of modeling and money involved. V. wanted to help her mother out financially so she filled out a modeling application listing her age as 13 and e-mailed it to Model 508 Studios.

Threlkeld picked the girls up at their school and drove them to a house in Orange County "to take pictures." At the house, he directed the girls to pose, telling them "the more naked" they got, the more he would pay. He offered to pay Desiree for photographs of her having sex with him, but she declined. Desiree posed wearing pants with suspenders and without a bra. He took photos of both girls in lingerie, and V. topless, but with her hands covering her chest at Threlkeld's suggestion. V. wore fishnet stockings without underwear or a top. He took photos of the girls together on a bed with their legs over each other and with Desiree's leg over V.'s stomach and V.'s hand on Desiree's thigh. After this session, Threlkeld took the girls home.

Sometime later, Threlkeld persuaded V. to let him take more pictures of her by promising to pay her. He picked her up in Riverside and drove to a house in Palm Springs. He directed her to put on a yellow dress and asked her to "do like some nasty, like opening [her] legs," but she refused. He told her his "camera died," but there was "another option" for her to be paid. V. complied with his suggestion they shower

9

together. He digitally penetrated V.'s vagina, orally copulated her, had her orally copulate him, and inserted his penis into her vagina, ejaculating on her side. Afterwards, he gave V. $120 and took her home.

Concerning V., the jury convicted Threlkeld of one count of kidnapping (count 1), four counts of lewd acts with a child (§ 288, subd. (a); counts 2-5), and one count each of contacting a minor to commit a sex offense (§ 288.3, subd. (a); count 6), arranging a meeting with a minor with lewd intent (§ 288.4; count 7), and employing a minor to pose for sexual photographs (§ 311.4, subd. (c)). The court sentenced Threlkeld to 25 years to life for the lewd acts charged in counts 2-4, an enhanced sentence because he kidnapped a child under the age of 14. The court also imposed a concurrent sentence of 15 years to life term for a separate lewd act (count 5), a concurrent three year term for contacting a minor to engage in lewd acts (count 6), a concurrent three year term for arranging a meeting with a minor to commit lewd acts (count 7), and a concurrent three year term for employing a minor to pose for sexual photographs (count 8). The court imposed and stayed (§ 654) a concurrent eight-year term for kidnapping (count 1).

Concerning Desiree, the jury convicted Threlkeld of one count of committing a lewd act (§ 288, subd. (a); count 9) and one count each of contacting a minor to commit a sex offense (§ 288.3, subd. (a); count 10), arranging a meeting with a minor with lewd intent (§ 288.4; count 11), and employing a minor to pose for sexual photographs (§ 311.4, subd. (c); count 12). The court imposed a three year consecutive term on count 11, selected this as the principal determinate term, and imposed concurrent terms for the other violations.

Threlkeld contacted Desiree and V. (§ 288.3), and arranged to meet them (§ 288.4) to further his ultimate objective of committing lewd acts with these young girls. In other words, these acts and offenses were incidental to and the means of accomplishing or facilitating Threlkeld's objective to commit lewd acts against the girls (§ 288) and create child pornography (§ 311.4). Consequently, they formed part of a

10

course of conduct constituting an indivisible transaction and therefore imposing a concurrent sentence for these offenses violated section 654.

The trial court, however, reasonably could conclude Threlkeld's intent and objective in employing the girls to pose for sexual photographs (§ 311.4, subd. (c)) was separate and distinct from his intent to commit lewd acts against the girls. Substantial evidence supported the court's implicit finding Threlkeld took these lewd photos to use later for personal viewing or to disseminate to others. As noted in the legislative history to section 311.4, "Pedophiles often use child pornography as a 'teaching tool' in their molestations. Pornographic material depicting children involved in sexual activities is frequently utilized to sexually stimulate the molester, desensitize children and educate them to the desire of the molester, blackmail children into silence, and facilitate the molestation of additional children." (Assem. Com on Public Safety, Analysis of Assem. Bill No. 295 (1995-19696 Reg. Sess.) as amended Aug. 23, 1996, p. 4.) Here, evidence showed Threlkeld may have used these lewd photos on his Web site to recruit other young girls as models. Separate punishment for lewd acts and violations of section 311.4 did not violate section 654.

*Counts 13-14, 16 (Michelle) and Laura (Counts 17 & 19)*

In 2008, Michelle (born April 1994) met Laura (born May 1993), who told Michelle about Model 508 Studios. On July 2, 2008, when Michelle was 14 years old, she took several nude photographs of herself with her mobile phone and e-mailed the photos to Model508@gmail.com. A few weeks later, Threlkeld arranged to pick the girls up at Michelle's house in Corona and drove them to a house in Hemet or San Jacinto. He directed the girls to take their clothes off and took nude photos of them separately and together. In some of the photos he had them pose while kissing and embracing each other. During the photo shoot, Threlkeld touched the girls on their arms and legs to achieve the poses he wanted. He offered to pay them a "couple hundred dollars" if they posed nude, but promised to pay more if they had sex with him. Laura initially agreed to

11

have sex, but Michelle talked her out of it.  Michelle expected to be paid for posing for the photos, but Threlkeld only gave Laura $50 and claimed he did not have any more money.

Concerning Michelle, the jury convicted Threlkeld of one count of committing a lewd act (§ 288, subd. (a); count 13), one count each of contacting a minor to commit a sex offense (§ 288.3, subd. (a); count 14), arranging to meet a minor with lewd intent (§ 288.4; count 15), and employing a minor for sexual photographs (§ 311.4, subd. (d); count 16).  The court sentenced Threlkeld to a one-year term (one-third the middle base term of three years) for the section 288.4 violation (count 15) consecutive to count 11, and imposed concurrent terms for the other offenses.  As explained above, separate punishment for the lewd acts (count 13), contacting a minor to commit lewd acts (count 14), and arranging a meeting with lewd intent (count 15) violated section 654.  Here, the court imposed punishment on count 15, which was the provision that provided the longest potential term of imprisonment.  Punishment on counts 13 and 14 therefore must be stayed, but separate punishment for employing or using a minor to create child pornography (§ 311.4, subd. (c); count 16) was permissible.

Concerning Laura, the jury convicted Threlkeld of one count of committing a lewd act (§ 288, subd. (a); count 17), one count each of contacting a minor to commit a sex offense (§ 288.3, subd. (a); count 18) and employing a minor to pose for sexual photographs (§ 311.4, subd. (c); count 19).  The court sentenced Threlkeld to a one-year consecutive term for arranging a meeting with a minor with lewd intent (count 18), and imposed concurrent terms for the other counts.  Separate punishment for the lewd act (count 17) and contacting a minor (count 18) violated section 654.  The court imposed punishment on count 18, which was the provision that provided the longest potential term of imprisonment.  Punishment on count 17 must be stayed.  As explained above, the trial court could impose separate punishment for the section 311.4 violation (count 19).

*Counts 21-23 (Shayla)*

12

Threlkeld contacted Shayla (born August 1994), who lived in Iowa, through MySpace in November 2007 and asked her to pose nude and send him the photos electronically. On November 17, 2007, Shayla took nude photos of herself and sent them to Model508@gmail.com. Threlkeld sent her numerous photographs of naked women and told her to strike similar poses in her photos. Shayla expected, but did not receive payment.

The jury convicted Threlkeld of committing a lewd act (§288, subd. (a); count 20), and found he committed a lewd act against more than one person within the meaning of section 667.61, subdivision (e)(5). It also convicted him of one count each of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 21); employing or using a minor to create child pornography (§ 311.4, subd. (c); count 22), and distributing lewd material to a minor (§ 288.2, subd. (b); count 23). The court sentenced Threlkeld to a consecutive 15-years-to-life term for the enhanced violation of section 288 (count 20), and imposed concurrent terms for each of the other counts.

As discussed above, separate punishment for violating section 288.3 (count 21) violated section 654 and must be stayed, but separate punishment was permissible for using a minor to create child pornography (count 22). Concerning Threlkeld's conviction for violating section 288.2, subdivision (b) (count 23), although Threlkeld's act in sending the photos to Shayla was part of a course of conduct leading her to take lewd photos of herself, the distribution of harmful matter to a minor is analogous to sending child pornography to third persons, each act of which warrants separate punishment. (See *People v. Clair* (2011) 197 Cal.App.4th 949, 961.)

*Counts 25-27 (Jamie)*

In June 2008, Jamie (born July 1995) lived in Palm Springs. Threlkeld contacted her through MySpace and asked her to take pictures of herself so that they

could meet later in Palm Springs. She took and sent photos of herself wearing clothing. Threlkeld sent her photos of nude females and told her to photograph herself in similar poses. She complied and sent nude photographs of herself to Model 508 on June 18 and June 19, 2008. Jamie believed she would be paid for the photos if she actually met the person asking for the photos and modeled for more photographs. Jamie did not receive any payment.

The jury convicted Threlkeld for committing a lewd act (§ 288, subd. (a); count 24), and found he committed a lewd act offense against more than one person within the meaning of section 667.61, subdivision (e)(5). It also convicted him of one count each of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 25), employing or using a minor to create child pornography (§ 311.4, subd. (c); count 26), and contacting a minor with lewd intent (§ 288.2, subd. (b); count 27). The court imposed a consecutive 15-years-to-life term on count 24, and imposed concurrent terms for the remaining counts.

For the reasons expressed above, separate punishment for violating section 288.3 (count 25) violated section 654 and must be stayed, but separate punishment was permissible for violating sections 311.4 (count 26) and 288.2 (count 27).

*Counts 29-31 (Maria E.)*

In May 2008, Maria (born March 1995) lived in San Bernardino County. When Threlkeld contacted her through MySpace and asked if she wanted to model, she filled out a modeling application listing her address and true age. Later, Threlkeld told her he wanted to see her in nude photos and sent some sample photos. Maria took a number of nude photographs of herself, including some she was asked to "redo," and sent them to Model 508 in e-mails dated May 17 and May 20, 2008.

The jury convicted Threlkeld of a lewd act (§ 288, subd. (a); count 28), and found true an enhancement allegation pursuant to section 667.61, subdivision (e)(5). The jury also convicted him of one count each of contacting a minor to engage in lewd

14

behavior (§ 288.3, subd. (a); count 29), using a minor to create child pornography (§ 311.4, subd. (c); count 30), and distributing lewd material to a minor (§ 288.2, subd. (b); count 31). The court imposed a consecutive term of 15 years to life on count 28, and imposed concurrent terms for each of the other counts.

For the reasons expressed above, separate punishment for violating section 288.3 (count 29) violated section 654, but separate punishment was permissible for violating section 311.4 (count 30) and section 288.2 (count 31).

*Counts 55, 57 (Diana)*

In 2008 and 2009, Diana (born May 1994) lived in Ontario, California. Threlkeld sent messages through MySpace asking her to take and send photographs of herself. On May 22, 2008, Diana took photos and sent them to Threlkeld. On the same day, Threlkeld sent an e-mail to Diana with some photographs entitled "poses." On January 14, 2009, Diana took photographs of herself wearing a bra and panties, and one showing a close-up of her vagina. She sent additional photographs of herself on February 11, 2009. Diana thought she was dealing with a modeling agency and expected to be paid thousands of dollars for the photos she took, but she did not receive anything.

The jury convicted Threlkeld of one count each of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 55), using a minor to create child pornography (§ 311.4, subd. (c); count 56), and distributing lewd material to a minor (§ 288.2, subd. (b); count 57). The trial court imposed a consecutive term of eight months for the violation of section 311.4 (count 56) and imposed concurrent terms for the remaining counts.

For this category of victim, where the contact or communication (§ 288.3) did not lead to a meeting or photo shoot where lewd acts occurred, the contact was the means Threlkeld used to employ the girl to create child pornography (§ 311.4). Separate terms for violating section 288.3 (count 55) and section 311.4 (count 56) violated section

15

654. A separate term for sending harmful matter (§ 288.2) to Diana (count 57) was permissible.

*Count 59 (Stephanie)*

In January 2009, Stephanie (born August 1992) lived in Anaheim and had a MySpace account. On January 2, Stephanie received a request to model from Threlkeld and sent him a photo of her face. In response to another request, she sent a photo of herself nude from the waist up but "covering up [her] breast." On January 6, Threlkeld e-mailed Stephanie pictures of "naked girls" to show her how to pose for her pictures. Stephanie decided not send any more photos.

The jury convicted Threlkeld of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 59) and distributing lewd material to a minor (§ 288.2, subd. (b); count 60). The court imposed a consecutive term of eight months for the violation of section 288.2 (count 60) and a concurrent term for the section 288.3 violation.

For this category of victim, the act of contacting or communicating with intent to commit a lewd offense (§ 288.3) was separate and divisible from the act of sending the girl harmful matter (§ 288.2). Separate terms for violating these sections did not run afoul of section 654.

*Counts 64-65 (Shawna)*

In 2009, Shawna (born April 1992) lived in Fullerton and had a MySpace account. On January 3, 2009, at Threlkeld's request, she sent him nude photographs of herself, and other photos with her posing in bra and panties. The same day, she received an e-mail from Threlkeld titled "poses" with photos of naked girls and a request for her to pose in that fashion. Threlkeld proposed to take photos of her in Palm Springs or another place, but she did not agree to meet him.

The jury convicted Threlkeld of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 63), using a minor to create child pornography

16

(§ 311.4, subd. (c); count 64), and distributing lewd material to a minor (§ 288.2, subd. (b); count 65). The court imposed a one-year consecutive term for violating section 288.3 (count 63) and imposed concurrent terms for the other violations. Separate terms for violating section 288.3 (count 63) and section 311.4 (count 64) violated section 654, but a separate term for sending harmful matter (§ 288.2; count 65) was permissible.

*Counts 67, 69 (Megan)*

In 2007, Megan (born July 1993) lived in Georgia. In December 2007, Threlkeld contacted her on her MySpace page about modeling, and at his request she took and sent nude photos of herself on December 18, December 26, and December 30, 2007. Threlkeld sent her photos of naked women and told her she should try to pose like the women in the photos.

The jury convicted Threlkeld of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 67), using a minor to create child pornography (§ 311.4, subd. (c); count 68), and distributing lewd material to a minor (§ 288.2, subd. (b); count 69). The court imposed a consecutive term of eight months for the section 311.4 violation (count 68) and concurrent terms for the remaining counts. Separate terms for section 288.3 (count 67) and section 311.4 (count 68) violated section 654, but a separate term for sending harmful matter to Megan (§ 288.2; count 69) was permissible.

*Counts 70, 72 (Pamela)*

In 2007, Pamela (born November 1991) lived in Florida. On September 17, 2007, Pamela responded to Threlkeld's request on her MySpace page and e-mailed nude photos of herself. Threlkeld told her he would pay for the photos, but she never received payment.

The jury convicted Threlkeld of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 70), using a minor to create child pornography (§ 311.4, subd. (c); count 71), and distributing lewd material to a minor (§ 288.2, subd. (b); count 72). The court imposed a consecutive term of eight months for the section

17

311.4 violation (count 71) and concurrent terms for the remaining counts.  Separate terms for section 288.3 (count 70) and section 311.4 (count 71) violated section 654.  As explained below in Part C, the Attorney General concedes count 72 must be reversed because there is no evidence Threlkeld sent Pamela any harmful matter (§ 288.2; count 72).

*Counts 73, 75 (Jessica)*

In 2007, Jessica (born November 1990) lived in Virginia.  In September 2007, Threlkeld contacted her though MySpace, asked for nude photographs of her, and promised to pay her $300.  Jessica sent Threlkeld a number of nude photographs of herself in September 2007.  At some point, Threlkeld e-mailed photos of "naked girls . . . in provocative poses" and asked Jessica to take similar photos of herself.

The jury convicted Threlkeld of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 73), using a minor to create child pornography (§ 311.4, subd. (c); count 74), distributing lewd material to a minor (§ 288.2, subd. (b); count 75).  The court imposed a consecutive term of eight months for the section 311.4 violation (count 74) and concurrent terms for the remaining counts.  Separate terms for section 288.3 (count 73) and section 311.4 (count 74) violated section 654, but a separate term for sending harmful matter (§ 288.2; count 75) was permissible.

*Counts 76, 78 (Natalie)*

In 2008, Natalie (born October 1992) lived in Oregon.  In January 2008, she sent Threlkeld nude photographs.  Threlkeld sent her nude photos of other women in poses for her to imitate.  She expected payment for the photos, but never received anything for her photos.

The jury convicted Threlkeld of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 76), using a minor to create child pornography (§ 311.4, subd. (c); count 77), and distributing lewd material to a minor (§ 288.2, subd. (b); count 78).  The court imposed a consecutive term of eight months for the section

311.4 violation (count 77) and concurrent terms for the remaining counts. Separate terms for section 288.3 (count 76) and section 311.4 (count 77) violated section 654, but a separate term for sending harmful matter to Natalie (§ 288.2; count 75) was permissible.

*Count 79 (Allison)*

In 2008, Allison (born February 1992) lived in Glendora. In January 2008, Threlkeld contacted her through MySpace asking if she was interested in modeling. On January 19, after a fight with her parents left her feeling rebellious, she took and sent Threlkeld nude photographs of herself. He promised to pay her for the photos, but she never received payment.

The jury convicted Threlkeld of contacting a minor to engage in lewd behavior (§ 288.3, subd. (a); count 79) and using a minor to create child pornography (§ 311.4, subd. (c); count 80). The court imposed a consecutive term of eight months for the section 311.4 violation (count 80) and a concurrent term for the section 288.3 violation. Separate terms for section 288.3 (count 79) and section 311.4 (count 80) violated section 654.[3]

---

[3] The Attorney General cites only one case addressing the section 654 issues. In *People v. Brents* (2012) 53 Cal.4th 599, the defendant assaulted the victim, and on a later occasion murdered her. The court concluded section 654 did not bar punishment for both offenses because the assault was a separate incident and the trial court could have found the defendant had not formed the intent to kill the victim at the time of the assault. Here, the trial court found, and the record supports, Threlkeld's preliminary acts against the girls were directed at grooming them to commit lewd acts to satisfy his lustful urges, and to obtain child pornography. Threlkeld's acts in contacting and arranging meetings with the girls were the means to accomplishing his prurient ends, and section 654 prohibits multiple punishment. Nothing in *Brent* persuades us otherwise.

C.    *No Substantial Evidence Supports the Conviction for Violation of Section 288.2 as Charged in Count 72*

We invited supplemental briefs inviting the parties to address whether sufficient evidence supported Threlkeld's conviction for violation of section 288.2 as charged in count 72 of the second amended information.  As noted above, Pamela (born November 1991) testified she communicated with Threlkeld over MySpace and sent pornographic photographs of herself to him in 2007.  The Attorney General concedes there is no evidence in the record Threlkeld sent harmful material to Pamela.  Accordingly, count 72 must be reversed.

III

DISPOSITION

The judgment is modified (§ 1260) to reverse count 72, and the trial court is directed to dismiss that charge.  The judgment is further modified to stay punishment (§ 654) on counts 6, 7, 9, 10, 13, 14, 17, 21, 25, 29, 55, 64, 67, 70, 73, and 76.  The trial court is directed to prepare an amended abstract of judgment and to serve a copy on Threlkeld and the California Department of Corrections and Rehabilitation.  The judgment is affirmed in all other aspects.

ARONSON, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

20